UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY A. LANE,<br><br>    Petitioner,<br><br>    v.<br><br>NAVARRO,<br><br>    Respondent. | Case No. 17-cv-03289-WHO (PR)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED**<br><br>Dkt. No. 4 |

Petitioner Rodney Lane must show cause on or before **September 15, 2017** why his habeas corpus action should not be dismissed as moot.

Lane filed this action to challenge his detention by Marin County, which imprisoned him for allegedly violating his probation conditions. Since the filing of this action, it appears that Lane has been released from custody. If this is true, it is unlikely that the Court has jurisdiction over his petition. A habeas petition challenging a revocation of parole or probation is moot if the petitioner has completed the entire term of imprisonment underlying the revocation unless he can demonstrate that there are collateral consequences to the revocation sufficient to satisfy the case or controversy requirement of Article III of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 13-14 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a 'personal stake in the outcome' of

the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990).

Consequently, on or before **September 15, 2017**, Lane must demonstrate either that he (1) is in custody, or that (2) there are collateral consequences that satisfy Article III standing requirements. <u>Failure to do so will result in the dismissal of this habeas action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

Lane should consider whether habeas relief, which is limited to ordering petitioner's release, is what he truly wants. If Lane seeks money damages because of his allegedly improper detention, he could dismiss this action voluntarily without prejudice and file a civil rights action under 42 U.S.C. § 1983.

Lane's motion to proceed *in forma pauperis* (Dkt. No. 4) is DENIED because the filing fee has been paid.

The Clerk shall terminate Dkt. No. 4.

**IT IS SO ORDERED.**

**Dated:** August 9, 2017



WILLIAM H. ORRICK
United States District Judge