UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY A. LANE,<br>Petitioner,<br>v.<br>NAVARRO,<br>Respondent. | Case No. 17-cv-03289-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner Rodney Lane was ordered to show cause on or before September 15, 2017 why this habeas corpus action should not be dismissed as moot. (Dkt. No. 8.) He has failed to file an appropriate response to that order and consequently this action will be dismissed.

Lane filed this action to challenge his detention by Marin County, which imprisoned him for allegedly violating his probation conditions. Since the filing of this action, it appeared that Lane had been released from custody. Such a fact would moot his habeas petition. A habeas petition challenging a revocation of parole or probation is moot if the petitioner has completed the entire term of imprisonment underlying the revocation, unless he can demonstrate that there are collateral consequences to the revocation sufficient to satisfy the case or controversy requirement of Article III of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 13-14 (1998). In consequence, the Court ordered Lane to

show cause why his habeas petition should not be dismissed.

Rather than answer the questions put to him in the order, Lane has filed several incoherent and rambling letters containing extraordinary allegations. In these filings, he speaks of a "murder squad R.I.C.O. conspiracy against me & my 4 underage children," the members of which have "repeatedly raped (violently) me and my children over at least a 5 year period dating back to 2012." (Dkt. No. 13 at 1.) He also alleges this group "has control of several emergency rooms that have attempted to murder me including doctors hospital E.R. in Modesto," as well as hospitals in Sacramento, Fresno, San Jose, and New Mexico. (*Id.* at 2.) This "murder squad," he alleges, is composed of police and sheriffs from Las Vegas and many California counties, as well as other government actors. (*Id.* at 3.)

Whatever the merits of these allegations, they fail to answer the order to show cause why Lane's habeas petition should not be dismissed. Accordingly, this action is DISMISSED without prejudice. If Lane wishes to reopen this action, he must file an appropriate response to the Court's order to show cause.

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:** November 30, 2017

WILLIAM H. ORRICK
United States District Judge